what we have often said before, that to warrant an application for a writ of review the case sought to be reviewed should present exceptional features.

The present application is refused.

═══

(50 South. 433.)

No. 17,787.

DAVENPORT v. T. B. ALLEN & CO.

In re T. B. ALLEN & CO.

(Oct. 13, 1909.)

APPEAL AND ERROR (§ 1094*)—DECISIONS REVIEWABLE — FINDINGS OF FACT — FINDINGS OF COURT OF APPEAL.

Under the Constitution, decisions of the Courts of Appeal are final, in the absence of special circumstances requiring the Supreme Court to review their decisions, and it will not review a decision of a Court of Appeal on questions of fact.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4322; Dec. Dig. § 1094.*]

Certiorari to Court of Appeal, Parish of Sabine.

Action by J. N. Davenport against T. B. Allen & Co. Judgment for plaintiff was affirmed by the Court of Appeal, and defendant applies for certiorari or writ of review. Application denied.

J. H. Boone, for applicant.

NICHOLLS, J. This case was twice examined by the Court of Appeal. The original decision was sustained, in a written opinion, after the attention of the court had been specially called to the errors alleged to have been committed by it in an elaborate application for a rehearing.

The decision was based upon facts. We find nothing in the case calling upon this court to exert its authority under the power of review conferred upon it by the Constitution.

If the case were ordered up, and error were found, and the judgment of the Court of Appeal was reversed, our decision would relieve the defendant from the effect of that error; but its effect would extend no further. It would furnish no light to control or govern other cases. The convention necessarily contemplated the possibility of error in cases falling within the appellate jurisdiction of the Courts of Appeal. It contemplated that their conclusion should be final, nevertheless, unless special consideration should move this court exceptionally to determine otherwise. Counsel for parties seeking to obtain writs of review from the decisions of the Courts of Appeal must be prepared to have their applications refused where they present for the consideration of this court nothing more than alleged error to the prejudice of their particular clients, arising from differences of opinion, which might reasonably be expected to arise in regard to matters of fact, in tribunals to which they would be regularly submitted under the Constitution for judicial action. Such is the condition of things in the present case.

For reasons assigned, it is hereby ordered that the application herein be refused.